**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lawrence Wade Miles, | ) | No. CV-12-2625-PHX-SRB (LOA) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| T. Reed, et al., | ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 43) Plaintiff seeks reconsideration of the Court's Order, doc. 41, denying his Motion for Appointment of Counsel to Include Temporary Restraining Order and Preliminary Injunction. Plaintiff appears to argue he is entitled to reconsideration because, as a result of delays at the prison where he is housed, Plaintiff's Reply was filed late. Thus, the Court did not have the benefit of Plaintiff's Reply, doc. 42, when it issued the order Plaintiff is challenging.

Motions for reconsideration are governed by LRCiv 7.2(g)(1), which provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171 (1986). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through - rightly or wrongly.'" *Defenders of Wildlife*, 909 F.Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The Court finds Plaintiff has failed to meet the standards for reconsideration here. Plaintiff has not shown the Court committed clear error or that the initial decision was manifestly unjust. Nor has Plaintiff shown newly discovered facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff is simply asking the Court to reach a different decision based on consideration of his untimely Reply. The Court, however, has reviewed Plaintiff's Reply and finds it would not have affected the Court's ruling. Having failed to satisfy the standards for reconsideration, Plaintiff's motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, doc. 43, is **DENIED**.

DATED this 9th day of June, 2014.

Lawrence O. Anderson
United States Magistrate Judge